**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Gould and Lisa Funk,<br><br>Plaintiffs,<br><br>vs.<br><br>M&I Marshall & Isley Bank, a national banking association,<br><br>Defendant. | No. CV11-1299-PHX-DGC<br><br>**ORDER** |

Defendant BMO Harris Bank, N.A., successor by merger to M&I Bank, moves to dismiss Plaintiffs Michael Gould and Lisa Funk's second amended complaint for failure to state a claim pursuant to Rule 12(b)(6). Doc. 29. Plaintiffs have responded, and Defendant has replied. Docs. 35,41. For the reasons that follow, the Court will grant the motion.[1]

**I.   Background.**

In early 2007, Plaintiffs began researching a possible purchase of property in Mexico and was referred to Defendant. Doc. 26 ¶¶ 9-10. In April 2007, Plaintiffs spoke via telephone and email with Patricia Flam and Sandra Rodriguez who were loan officers for Defendant. Doc. 26 ¶ 11. Plaintiffs discussed with Ms. Flam and Ms. Rodriguez the loan programs available, the down payment, and the interest. Doc. 26 ¶ 14. In April

---

[1] Plaintiffs' request for oral argument is denied because the issues are fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

2007, Defendant agreed to extend a loan for Plaintiffs to purchase an interest in a condominium in Mexico. Doc.26 ¶ 15. On April 26, 2007, Plaintiffs received a loan application from Ms. Flam. Doc. 26 ¶ 16-17.

Sometime prior to closing, Defendant ordered an appraisal of the condominium. Plaintiffs assert that Ms. Flam and Ms. Rodriguez failed to disclose material adverse facts relating to the appraisal (Doc. 26 ¶ 19), and that Defendant made express representations to Plaintiffs that the appraisal was accurate and in accordance with industry standards (Doc. 26 ¶ 34-35). Between May and June, 2007, Plaintiffs requested a copy of the appraisal from Ms. Flam and Ms. Rodriguez. Doc. 26 ¶ 30. Ms. Flam and Ms. Rodriguez told Plaintiffs that Defendant's internal policies prevented them from providing a copy of the appraisal. Doc. 26 ¶¶ 31-32.

On April 27, 2011, Plaintiffs received a copy of the appraisal. Doc. 26. ¶ 33. Plaintiffs claim the appraisal was severely deficient in its assessment of the comparable sales it used to value the condominium. Doc. 26 ¶¶ 20-29. Plaintiffs allege that they relied on Defendant's express representations about the appraisal and policy and that Plaintiff would not have purchased an interest in the condominium if Defendant had provided the appraisal or informed Plaintiff of its defects. Doc. 26 ¶¶ 40-45.

**II.   Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Analysis.

Plaintiffs allege fraud of five varieties: fraud in the inducement, negligence *per se* under Arizona's Residential Mortgage Fraud statute, common law fraud, consumer fraud, and negligent misrepresentation. All of the fraud claims are based on three allegedly material misrepresentations: (1) Defendant misrepresented the validity and accuracy of the appraisal (Doc. 26 ¶¶ 34-35); (2) Defendant failed to disclose the material adverse facts in the appraisal (Doc. 26 ¶ 19); and (3) Defendant expressly misrepresented its policies about disclosure of the appraisal (Doc. 26 ¶¶ 30-32).

#### A. Express Representations About the Accuracy of Appraisal.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The complaint "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citations omitted). A complaint of fraud must specify "the who, what, when, where, and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003).[2]

Plaintiffs allege that despite Defendant's "express representations," the appraisal

---

[2] Plaintiffs' allegation of negligence *per se* rests on their belief that Defendant has violated Arizona's Residential Mortgage Fraud statute. Plaintiffs' claim is still an "averment of fraud" which is subject to Rule 9(b). *See, e.g.*, *Grismore v. Capital One F.S.B.*, No. CV 05–2460–PHX–SMM, 2007 WL 841513 at *6 (D. Ariz. Mar. 16, 2007) (applying Rule 9(b)'s particularity requirement to the Arizona Consumer Fraud Act). Negligent misrepresentation must also meet the particularity standards of 9(b). *See*, *Sweeney v. Darricarrere*, No. 2:09-cv-00266 JWS, 2009 WL 2132696, at *12 n.109 (D. Ariz. July 14, 2009) ("'It is well established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.'") (quoting *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003).

was not completed in accordance with industry standards and did not contain an accurate valuation of the condominium. Doc. 26 ¶¶ 34-35. The obvious implication of these allegations is that someone representing Defendant expressly stated that the appraisal was completed in accordance with industry standards and contained an accurate valuation. These are the key misstatements alleged by Plaintiffs regarding the appraisal, and yet the second amended complaint never identifies who made them, when they were made, where they were made, or how they were made. *See* Doc. 26. Although the complaint does contain general allegations about Plaintiffs' communications with Ms. Flam and Ms. Rodriguez (*id.* at ¶¶ 11, 14, 18, 31-32), it does not allege that either woman made these "express representations" (*id.* at ¶¶ 34-35, 37, 40, 42, 44). Thus, despite a third opportunity to plead fraud with particularly, Plaintiffs still fail to comply with Rule 9(b) on these key affirmative misrepresentations.

### B.     Failure to Disclose the Appraisal.

Plaintiffs allege various defects in the appraisal (Doc. 26 at ¶¶ 20-29) and that Ms. Flam and Ms. Rodriguez failed to disclose these defects and refused to provide Plaintiffs with a copy of the appraisal despite their requests (*id.* at ¶¶ 19, 30-31). The Court concludes that Plaintiffs have failed to state a claim based on these non-disclosures.

A failure to disclose can constitute fraud only if the defendant had a duty to disclose. *Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000) (fraud can be based on omission "[w]here the defendant has a legal or equitable obligation to reveal material information"). The same is true of consumer fraud, negligence, and negligent misrepresentation. *Kuehn v. Stanley*, 91 P.3d 346, 350-51(Ariz. Ct. App. 2004) (negligence and negligent misrepresentation require duty to disclose); *Horne v. AutoZone, Inc.*, 258 P.3d 289, 299 (Ariz. Ct. App. 2011) (Consumer Fraud Act claim can be based on omission "when the law imposes a duty to disclose"). Plaintiffs' claims are defective under Arizona law because Plaintiffs have not pled facts to establish such a duty.

Arizona follows the Restatement (Second) of Torts. *Jesik v. Maricopa County*

*Community College Dist.,* 611 P.2d 547 (Ariz. 1980). Because there are no facts alleged to show that Defendant *actively* concealed the appraisal or its defects from Plaintiffs, the common law fraud and fraudulent inducement claims are limited to simple nondisclosure and necessarily require a duty to dislose. *Compare* Restatement (Second) of Torts § 550 (requiring concealment or other action intentionally preventing the other from acquiring information), *with* Restatement (Second) of Torts § 551 (liability for simple nondisclosure requires a duty to disclose). Plaintiffs do not allege any of the factual circumstances that would give rise to a duty to disclose under § 551. *See* Restatement § 551(2) (listing circumstances where a duty to disclose exists). The only potentially applicable circumstance is where a fiduciary relationship exists, but it is well settled in Arizona that a mortgage lender does not owe a fiduciary duty to a borrower. *See Valley Natl. Bank of Phoenix v. Elect. Dist. No. 4*, 367 P.2d 655, 662 (Ariz. 1961) ("[T]he relationship between a Bank and an ordinary depositor, absent any special agreement, is that of debtor and creditor."); *McAlister v. Citibank*, 829 P.2d 1253, 1258 (Ariz. Ct. App. 1992); *Urias v. PCS Health Sys.*, 118 P.3d 29 (Ariz. Ct. App. 2005) (holding that a debtor/creditor relationship does not create a fiduciary duty).

In determining liability for negligent misrepresentation and consumer fraud, Arizona looks to Restatement § 552. A relevant application of § 552 occurred in *Kuehn v. Stanley* where purchasers entered into a contract to purchase real property for $282,000 and applied for a $220,000 loan from Charter Funding Corporation, a division of First Magnus. 91 P.3d at 348. As part of its loan-approval process, First Magnus asked Theresa Stanley, an employee of CRG Valuations (another division of First Magnus), to appraise the property. *Id.* Stanley appraised the property at $282,000 and First Magnus lent the Kuehns $220,000. *Id.* Prior to the close of escrow, First Magnus gave the Kuehns a copy of the appraisal. *Id.* After the Kuehns purchased the property, they showed the appraisal to a family member who was a licensed appraiser. The family member concluded that the appraisal deviated severely from standard appraisal practices and that the true value of the property was $245,000. *Id.* The Arizona Court of Appeals

held that First Magnus's use of the appraisal in making the loan was not related to the Kuehn's use of the appraisal, and that Stanley therefore did not provide the appraisal for the guidance of the Kuehn's as required for a duty to exist. *Id.* at 350-51.

This case is even stronger. Defendant obtained an appraisal of the condominium for its own underwriting purposes and did not disclose it to Plaintiffs. *A fortiori* Defendant did not have a duty of disclosure with respect to the appraisal. Moreover, Plaintiffs do not allege that Defendant participated in the preparation of the deficient appraisal or knew of its deficiencies. Plaintiffs have not provided a single authority to support their claim that a lender has a duty to disclose to a borrower an appraisal it obtains as part of its own underwriting purposes.

Plaintiffs' negligence per se claim also fails for want of a duty to disclose. In *Horne*, 258 P.3d at 299, the Arizona Court of Appeals found that the defendant had a duty to display the price of its goods because Arizona's retail pricing statute required a seller to display the price on the goods or at the point of display. *Id.* at 300. The Arizona mortgage fraud statute, by contrast, does not create a duty to disclose an appraisal. *See* A.R.S. § 13-2320.

In summary, Plaintiffs various fraud-based nondisclosure claims all fail because Defendant did not have a duty to make disclosures to plaintiffs regarding the appraisal. Cases from outside Arizona are in accord. *See Palmer v. E TRADE Mort. Corp.*, No. 10-55679, 2011 WL 6882940 at \*1 (9th Cir. Dec. 30, 2011) (unpublished) (stating that generally a lender owes no duty to a borrower with respect to an appraisal procured for its own purposes as a lender); *Munson v. Countrywide Home Loans, Inc.*, No. 08-13244, 2008 WL 5381866 at \*7 (E.D. Mich. Dec. 17, 2008) (declining to impose a duty on a bank to modify loan terms because of an inflated appraisal).

Plaintiffs' claims fail for a second reason. An appraisal is an opinion of value and "actionable fraud must be based upon a misrepresentation of material fact, and not upon an expression of opinion." *Page Inv. Co. v. Staley*, 468 P.2d 589, 591 (Ariz. 1970). "Mere representations as to value are generally considered expressions of opinion and

will not support a claim for fraud." *Fraizer v. Sw. Savings & Loan Ass'n*, 653 P.2d 362, 365 (Ariz. App. 1982); *cf. Bus.Realty of Ariz., Inc. v. Maricopa County*, 892 P.2d 1340, 1346 (Ariz. 1995) (stating an "appraisal of real estate is an art, not a science.... Although the use of such guidelines may be mandatory in appraisal work, their application to various situations calls upon the exercise of judgment").

For these reasons, the Court concludes that Plaintiffs' allegations of failure to disclose do not state a claim upon which relief can be granted.

### C.  Misrepresentations of Defendant's Policy.

Finally, Plaintiffs allege that Ms. Rodriguez affirmatively misrepresented Defendant's policy when she stated that she could not provide Plaintiffs the appraisal. Doc. 26 at 32. For reasons described above, however, Defendant had no duty to disclose the appraisal. Thus, even if Ms. Rodriguez had truthfully described Defendant's policy, Defendant was under no duty to provide the appraisal. Plaintiffs do not allege that the appraisal would have been disclosed but for the misrepresentation. Plaintiffs therefore were not harmed by the misrepresentation.

### IV.  Conclusion.

This is Plaintiff's third unsuccessful attempt to state a claim. The Court previously advised Plaintiffs that this would be their final opportunity. Doc. 24 at 3. The Court is satisfied that Plaintiffs cannot state a claim for relief against Defendant, and therefore will dismiss the complaint with prejudice.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 29) **is granted with prejudice.**

Dated this 12th day of March, 2012.

_____
David G. Campbell
United States District Judge